IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FELIX HERNANDEZ CISNEROS, ) <br> ID # 1828976, ) <br> Petitioner, ) <br> vs. ) <br> ) <br> LORIE DAVIS, Director, ) <br> Texas Department of Criminal ) <br> Justice, Correctional Institutions Division, ) <br> Respondent. ) | No. 3:17-CV-795-N (BH) <br><br> Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**I. BACKGROUND**

Felix Hernandez Cisneros (Petitioner) challenges his conviction for aggravated sexual assault. The respondent is Lorie Davis (Respondent).

On November 29, 2011, the State of Texas indicted Petitioner for aggravated sexual assault in Cause No. F11-60536. (Doc. 13-9 at 11.)[1] He pleaded not guilty and was tried before a jury in the 291st Judicial District Court of Dallas County, Texas. On October 25, 2012, the jury convicted him, and he was sentenced to life imprisonment. (*Id*. at 44.) The judgment was affirmed on appeal. *See Cisneros v. State*, No. 05-12-01532-CR, 2014 WL 2921697 (Tex. App. – Dallas June 25, 2014). His motion for leave to file a petition for discretionary review was denied, and he did not file a petition for discretionary review. *Cisneros v. State*, PD-1142-17 (Tex. Crim. App. Oct. 20, 2017); *see*

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

www.txcourts.gov (search for Petitioner).

His petition for writ of mandamus in the Texas Court of Criminal Appeals, signed December 1, 2015, contended that the state court had not acted on his state habeas application. (Doc. 13-25.) The Dallas County District Clerk responded that it had not received a state habeas application from Petitioner. (Doc. 13-24.) The Court of Criminal Appeals denied leave to file the mandamus petition on January 13, 2016. (Doc. 13-18); *see Ex parte Cisneros*, WR-84,290-01 (Tex. Crim. App. Jan. 13, 2016).

Petitioner now asserts that the state court failed to make findings on his state habeas application and he is innocent. (Doc. 2 at 6). Respondent contends that the claims are unexhausted. (Doc. 12.)

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

Petitioner did not fairly present the claims in his federal petition to the Court of Criminal Appeals. He did not file a petition for discretionary review, and although he claims that he mailed a state habeas application, it was not received and ruled on by the state court. The Court of Criminal Appeals has not had an opportunity to review the claims raised in his federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function.

*See Rose v. Lundy*, 455 U.S. 509, 518 (1982) (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is not entitled to habeas corpus relief for failure to exhaust his state remedies.

### IV. RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 20th day of November, 2017.**

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE